GARCÍA, APPELLANT, *v.* REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 602.—Decided January 29, 1925.

RECORD OF TITLE—ERRONEOUS RECORD.—A registrar of property has no power to annul an erroneous record which has created a legal status in favor of a certain person, without the consent of such person. That power is vested in the courts.

The facts are stated in the opinion.

*Mr. T. Castillo* for the appellant.

The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On October 17, 1905, Juan Camacho sold to Marcelino García by a public deed a parcel of land of 37 hundredths of an acre segregated from a property of 2.25 acres belonging to him and recorded in his name.

Almost twenty years thereafter Domingo García, an heir of vendee Marcelino García, presented the deed for record in the registry. The registrar refused to record it for the reason that "the parcel sold is not recorded in the name of the vendor, but a piece of 42 hundredths of an acre appears recorded in the name of Paula García and the rest

in the name of Juan Negrón Díaz.'' Domingo García then took the present appeal.

In his brief the appellant admits the sale of the piece of 42 hundredths of an acre to Paula García and refers to certain mortgages created by owner Camacho on *the rest* of the property describing *the said rest* as having an area of 1.46 acres, and he claims that such being the case there still appears recorded in the name of the vendor the piece of 37 hundredths sold to García which should be recorded, therefore, in his name by virtue of the deed presented.

The appellant is right in his calculation, but he himself states in his brief that when Camacho died in 1921 his children were declared to be his heirs and when the record was made the registrar ''no doubt by an involuntary error recorded in the names of these heirs not only the rest described and indicated by the ancestor in the said two mortgage deeds, but also recorded in their names the 37 hundredths of an acre which the ancestor had excluded because it had been sold by him by the deed which is the object of this appeal.'' The appellant also says that the heirs ''conveyed the property just as recorded in their names to Juan Negrón Díaz,'' which conveyance was recorded in the registry.

So, therefore, according to the appellant himself, the fact is that, correctly or incorrectly, *the rest* of the property, with the exception of the 42 hundredths of an acre sold to and recorded in the name of Paula García, without excluding the 37 hundredths sold to the appellant's ancestor, is at present recorded in the name of a person distinct from vendor Camacho and that person apparently is a third person with regard to the appellant.

But the appellant insists that even then the record should be made because the error is a material one which may be corrected by the registrar himself.

We can not agree with this. In the registry there has been created a legal status in favor of Juan Negrón Díaz

and it can be changed only with his consent.  The registrar himself can not decide the appellant's case and he acted correctly in refusing to record the document, in accordance with article 20 of the Mortgage Law.

This court held in the case of *Bolívar et al.* v. *Registrar,* 13 P.R.R. 362, that "After a record is made in the registry of property the registrar has no authority to annul the same without the knowledge and consent of the parties in interest, such powers being vested exclusively in the courts of justice." If in this case the appellant's claim should be upheld the record made in the name of Juan Negrón Díaz would be canceled as to 37 hundredths of an acre.

The same doctrine was laid down in the case of *Dávila* v. *Registrar of Caguas,* 28 P.R.R. 183, 185.  For a more thorough understanding of what errors can be corrected by the registrar and what not, see articles 254 *et seq.* of the Mortgage Law, the corresponding provisions of the regulations for its execution and volume 4, pages 94 *et seq.* of Galindo's Mortgage Law.

The decision appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.